# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT, PENNSYLVANIA

| | | |
|---|---|---|
| DAVID GRAY, | : | |
| *Plaintiff,* | : | Case No.: 2:21-cv-680 |
| v. | : | |
| CURTISS-WRIGHT ELECTRO-<br>MECHANICAL CORPORATION, | : | **COMPLAINT** |
| *Defendant.* | : | |

Filed on Behalf of Plaintiff:
David Gray

Counsel of Record for this Party:
**J.P. WARD & ASSOCIATES, LLC**

Joshua P. Ward
Pa. I.D. No. 320347

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:  (412) 545-3015
Fax No.:    (412) 540-3399
E-mail:     jward@jpward.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT, PENNSYLVANIA

| | | |
|---|---|---|
| DAVID GRAY, | : | |
| *Plaintiff,* | : | Case No.: 2:21-cv-680 |
| v. | : | |
| CURTISS-WRIGHT ELECTRO-MECHANICAL CORPORATION, | : | |
| *Defendant.* | : | |

## CLASS ACTION COMPLAINT

AND NOW, comes Plaintiff, David Gray, (hereinafter "Plaintiff") by and through the undersigned counsel, J.P. Ward & Associates, LLC, and, specifically, Joshua P. Ward, Esquire, who files the within Complaint in Civil Action against Defendant, Curtiss-Wright Electro-Mechanical Corporation, of which the following is a statement:

### PARTIES

1. Plaintiff, David Gray (hereinafter "David Gray"), is an adult individual who currently resides at 67 McGeary Hollow Road, Leechburg, Pennsylvania 15656.

2. Defendant, Curtiss-Wright Electro-Mechanical Corporation, (hereinafter "Curtiss-Wright"), is a corporation with its principle place of business located at 1000 Wright Way, Cheswick, Pennsylvania 15024.

### JURISDICTION AND VENUE

3. Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (hereinafter "the FLSA"), and the Pennsylvania Minimum Wage Act, 43 Pa. Stat. Ann. §333.101, *et seq.* (hereinafter "the PMWA").

4. This Court has jurisdiction over Plaintiff's federal law claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a).

5. A substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

6. On or around June of 2001, David Gray became an employee of Curtiss-Wright as a senior buyer for approximately 10 years and then a principal buyer for approximately 8 years.

7. Plaintiff's primary job duties as both a senior buyer and principal buyer included purchasing products and services and managing contracts with outside vendors or suppliers.

8. Plaintiff did not have independent buying authority, and did not independently exercise discretion, skill or judgment. Plaintiff's job duties required that he seek approval or ratification of transactions or purchases from a superior(s). Further, the structure of soliciting quotes or bids was done in accordance with strict and narrow guidelines.

9. While working at Curtiss-Wright as both a senior buyer and principal buyer, David Gray was paid on a salary basis.

10. For the first several years of his employment at Curtiss-Wright, David Gray would record and log both his base hours worked, and his overtime hours worked. At times, David Gray would work for ten to twelve hours a day.

11. Further, Dave Penska, David Gray's head manager, expected and ordered David Gray to work at least one hour of overtime on average per day.

12. On or around 2016, Curtiss-Wright instructed David Gray to stop logging and recording the amount of overtime hours he worked.

13. Nonetheless, Curtiss-Wright still expected David Gray to work overtime hours in 2016 and in the following years.

14. From the years between 2017 and 2019, David Gray on average worked between 48 and 50 hours a week. During this time, David Gray was only able record his regular hours. Under Curtiss-Wright's mandate, David Gray could not report or record his overtime hours.

15. During David Gray's time of employment with Curtiss-Wright, other departments such as engineering and quality control were entitled to and received overtime compensation.

16. In April of 2019, David Gray terminated his employment with Curtiss-Wright.

17. Following the separation of David Gray's employment from Curtiss-Wright in April of 2019, Curtiss-Wright did not and has not paid David Gray for any overtime hours he worked during his entire time as an employee of Curtiss-Wright.

**COUNT I**
**FAILURE TO PAY OVERTIME AND BASE RATE**
**IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

18. Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

19. Under the Fair Labor Standards Act (hereinafter "FLSA"), an employer is prohibited from employing an employee for a workweek "longer than forty hours unless such employee receives compensation" for hours worked more than the specified forty hours. 29 U.S.C.S. §207(a)(1). This rate must be at a rate "not less than one and one-half times the regular rate at which [the employee] is employed." *Id.*

20.     When a plaintiff seeks to establish an overtime claim under the FLSA, he must "sufficiently allege forty hours of work in a given workweek as well as some uncompensated time in excess of the forty hours." *Rosario v. First Student Mgmt., LLC,* 2016 U.S. Dist. LEXIS 108172 at *20 (E.D. Pa. 2016).  The plaintiff is also required to "connect the dots between bare allegations of a 'typical' forty-hour workweek and bare allegations of work completed outside of regularly scheduled shifts," so that "allegations concerning a typical forty-hour work week include an assertion that the employee worked additional hours during such a week." *Id.*

21.     Plaintiff is an "employee" as defined by 29 U.S.C.S. §203(b) of the FLSA.

22.     Defendant is an "employer" as defined by 29 U.S.C.S. §203(e)(1) of the FLSA.

23.     Based upon Curtiss-Wright's direction and requirements, David Gray worked numerous overtime hours throughout his employment with Curtiss-Wright.

24.     David Gray was not paid by Curtiss-Wright for the overtime hours he worked in violation of 29 U.S.C.S. §207(a)(1).

25.     Further, David Gray was not paid by Curtiss-Wright for his base rate pay related to the overtime hours he worked when he was not on the clock during the normal course of his employment hours.

26.     Pursuant to the FLSA, once a plaintiff establishes a right to payment "of their… unpaid overtime compensation," liquidated damages in an "additional equal amount" is warranted. 29 U.S.C. § 216(b).

27.     Furthermore, the FLSA's liquidated damages provisions "is not penal in nature but constitutes compensation for the retention of a workman's pay which might result in damages too obscure and difficult of proof for estimate other than by liquidated damages." *Andrews v. Cross*

*Atlantic Capital Partners, Inc.*, 158 A.3d 123, 134 (Pa. Super. 2017) (quoting *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945)).

28. As a direct and proximate result of the aforementioned conduct, David Gray suffered actual damages, including, but not limited to, lost wages and emotional distress in the past, present and future.

WHEREFORE, Plaintiff, David Gray, respectfully requests this Honorable Court enter judgment in his favor and against Defendant, Curtiss-Wright Electro-Mechanical Corporation, and enter any and all wages, including base pay and overtime pay, due to Plaintiff, as well as attorney's fees and liquidated damages pursuant to 29 U.S.C.S. §216(b) of the Fair Labor Standards Act.

## COUNT II

### FAILURE TO PAY OVERTIME AND BASE RATE IN VIOLATION OF THE PENNSYLVANIA MINIMUM WAGE ACT

29. Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

30. The Pennsylvania Minimum Wage Act (hereinafter "PMWA") states that overtime pay is required "for hours in excess of forty hours in a workweek. 43 Pa. Stat. Ann. §333.104(c). Further, the PMWA requires the same time and a half payments for "all hours worked past 40 in a week." *Ellis v. Edward D. Jones & Co., L.P.*, 527 F. Supp. 2d 439, 452 (W.D. Pa. 2007) (citing 29 U.S.C.S. 207(a), 43 Pa. Stat. Ann. 333.104(c)).

31. Because the PMWA parallels the FLSA in "requiring employers to compensate their employees for overtime hours work, and has an identical standard of liability as the FLSA in overtime claims," courts analyze PMWA claims and FLSA claims under the same framework.

*Rummel v. Highmark, Inc.*, 2013 U.S. Dist. LEXIS 162757 at *9 (W.D. Pa. 2013) (citing *Alers v. City of Philadelphia,* 919 F. Supp. 2d 528, 557-60 (E.D. Pa. 2013)).

32. Thus, "plaintiff-employees asserting PMWA violations must substantiate their claims by demonstrating that they performed work for which they were not paid . . . and that the defendant-employer had actual or constructive knowledge of the plaintiff's overtime work." *Alers v. City of Philadelphia*, 919 F. Supp. 2d at 560.

33. Based upon Curtiss-Wright's direction and requirements, David Gray worked numerous overtime hours throughout his employment with Curtiss-Wright.

34. David Gray was not paid by Curtiss-Wright for the overtime hours he worked in violation of 43 Pa. Stat. Ann. §333.104(c).

35. Further, David Gray was not paid by Curtiss-Wright for his base rate pay related to the overtime hours he worked when he was not on the clock during the normal course of his employment hours.

36. As a direct and proximate result of the aforementioned conduct, David Gray suffered actual damages, including, but not limited to, lost wages and emotional distress in the past, present and future.

WHEREFORE, Plaintiff, David Gray, respectfully requests this Honorable Court enter judgment in his favor and against Defendant, Curtiss-Wright Electro-Mechanical Corporation, and enter any and all wages, including base pay and overtime pay, due to Plaintiff, as well as attorney's fees and liquidated damages as authorized by the Pennsylvania Minimum Wage Act.

**PLAINTIFF RESPECTFULLY DEMANDS A JURY ON ALL MATTERS SO TRIABLE.**

Respectfully Submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: May 19, 2021                          By: _____
                                            Joshua P. Ward (Pa. I.D. No. 320347)
                                            Kyle H. Steenland (Pa. I.D. No. 327786)

                                            J.P. Ward & Associates, LLC
                                            The Rubicon Building
                                            201 South Highland Avenue
                                            Suite 201
                                            Pittsburgh, PA 15206